IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY McCOY,

    Plaintiff,

v.                                                              Civil Action No. **3:11CV474**

**DOCTOR GEBREYES,**

    Defendant.

## MEMORANDUM OPINION

Anthony McCoy, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil rights action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

McCoy alleges that Dr. Gebreyes has violated his Eighth Amendment[1] and Fourteenth Amendment[2] rights by discontinuing McCoy's Vicoden[3] prescription

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII.

[2] No State shall make or enforce any law which shall . . . deprive any person of life, liberty or property, without due process of law . . . ." U.S. Const. amend XIV. McCoy suggests that Dr. Gebreyes, through his conduct, violated both McCoy's Eighth Amendment rights and his Fourteenth Amendment substantive due process rights. (Compl. 6.) "[I]t is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater *substantive* protection 'than does the Cruel and Unusual Punishments Clause.'" *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (*quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Thus, McCoy's Fourteenth Amendment substantive due process claim is subsumed within his Eighth Amendment claim.

[3] Vicoden is the trade name for a prescription painkiller primarily used to relieve moderate to severe pain.

and prescribing him over-the-counter pain killers. (Compl. 4.)[4] McCoy states that Dr. Gebreyes prescribed McCoy Vicoden as treatment for an ongoing back problem. (*Id.*) McCoy subsequently saw a neurosurgeon who recommended that McCoy be treated by a physical therapist. (*Id.*) The physical therapist, in turn, recommended that McCoy "do some stretches [and] try to start moving around." (*Id.*) McCoy claims that, because he had been "bed bound" for so long, he could not perform exercises recommended by the physical therapist without Vicoden. (*Id.*) McCoy further avers that "the neurosurgeon recommended that I continue the conservative treatment that I was on until I get through enough physical therapy, to rehabilitate enough to not need the Vicoden anymore." (*Id.* (capitalization corrected).) McCoy states that "I was taken off of Vicoden [and] put on Motrin the very next day because the doctor thinks I'm faking my symptoms." (*Id.* at 4-5.) McCoy claims that he "tried in every way [he] possibly [could] to explain to the doctor that its [sic] very important that [McCoy] be on the oral analgesics[[5] and] painkillers as it was recommended so that I can conduct my physical therapy." (*Id.* at 5.)

McCoy admits that he is able to perform his physical therapy exercises, though he is "limited due to the pain." (*Id.*) McCoy complains of "major discomfort [and] pain . . . numbness . . . throughout [his] lower back and down [his] legs to the soles of [his] feet . . . when [he] sit[s] up for a long period of time, stand[s] or [is] active for a long period of time, or even a short period of time." (*Id.* at 6.) McCoy also complains of stiff muscles. (*Id.*)

### Analysis

McCoy insists the neurosurgeon directed him to be on "continued oral analgesics." (*Id.* at 4.) Yet McCoy admits that Dr. Gebreyes gave him Motrin and Tylenol, both of which are oral analgesics. (*Id.* at 4-5.) "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). This is not such an extreme circumstance. *See, e.g., Martinez v. Mancusi*, 443 F.2d 921, 924-25 (2d Cir. 1971) (Relief granted when prison doctor forced prisoner plaintiff, without hospital ordered pain medication, to walk out of hospital and stand for meals after plaintiff had leg surgery for which hospital specialist had ordered plaintiff to lie flat and not to walk.). Dr. Gebreyes wrote McCoy's original prescription for Vicoden and later decided that it was appropriate to switch McCoy's painkiller medication to Motrin and/or Tylenol. Thus, McCoy's disagreement with Dr. Gebreyes about which painkiller to use in McCoy's case insufficiently states an Eighth Amendment claim. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Accordingly, it is RECOMMENDED that the action be DISMISSED.

---

[4] The Court employs the page numbers assigned to McCoy's Complaint by the Court's EM/ECF system.

[5] Analgesic is defined simply as "[s]omething that relieves pain." Webster's II New College Dictionary 40 (1999). Accordingly, an oral analgesic is a pain reliever taken by mouth.

(April 3, 2012 Report and Recommendation (alterations and omissions in original).) The Court advised McCoy that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. On April 11, 2012, McCoy filed an Amended Complaint. (Docket No. 12.) As explained below, the Magistrate Judge's analysis applies with equal force to the Amended Complaint.

## II. McCOY'S AMENDED COMPLAINT

In his Amended Complaint, McCoy again states that Dr. Gebreyes prescribed McCoy Vicoden for his back pain prior to McCoy seeing a neurosurgeon. (Am. Compl. 1.)[6] McCoy asserts that "[t]he neurosurgeon did recommend that I continue the 'conservative treatment' of the Vicoden & bed rest, until I saw the physical therapist & was deemed necessary by the physical therapist that I could conduct my physical therapy without the help of an analgesic." (*Id.*) McCoy explains that, though "the law prohibit[ed] [the neurosurgeon and orthopedic specialist] from prescribing [McCoy] specific/medications," they promised "to word [the] recommendations so that the prison M.D. would understand that [McCoy] needed to be taking a powerful analgesic. That[ is] why the neurosurgeon put in the report 'continue conservative treatment.'" (*Id.* at 2.) Nevertheless, Dr. Gebreyes refused to renew his original prescription of Vicoden for McCoy and prescribed McCoy Motrin and Tylenol. (*Id.*)

"Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). McCoy suggests that, due to "the extent of pain that I felt due to the injury I had," his situation is "in fact an extreme circumstance" warranting

---

[6] Because McCoy failed to number the pages of the Amended Complaint, citations to this document will refer to the page numbers assigned by the Court's CM/ECF system. The Court corrects the capitalization in the quotations to this document.

the Court's intervention. (Am. Compl. 3.) McCoy asserts that Dr. Gebreyes's conduct "was ultimately the reason why I was left to lay on a cell floor for such a long period of time, & was part of the reason why my muscles became very stiff, which only caused me more pain, and even more limited movement." (*Id.*)

McCoy's Amended Complaint fails to state an Eighth Amendment claim for denial of adequate medical care. As stated above, "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (*citing Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Moreover, if an inmate's "disagreement with a doctor's professional judgment does not state a violation of the Eighth Amendment, then certainly no claim is stated when a *doctor* disagrees with the professional judgment of another doctor. There may, for example, be several acceptable ways to treat an illness." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990); *see United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011).

Here, McCoy's Amended Complaint alleges that by recommending that Dr. Gebreyes "'continue conservative treatment'" for McCoy's back pain, the neurosurgeon implicitly recommended the continued prescription for Vicoden for McCoy. McCoy fails to allege any exceptional circumstances justifying judicial interference with the professional judgment of Dr. Gebreyes. Moreover, McCoy cannot allege Dr. Gebreyes ignored McCoy's pain, as he prescribed medication to treat it. McCoy's disagreement with Dr. Gebreyes over the discontinuation of the stronger pain medication in favor of Motrin and Tylenol fails to state a claim of deliberate indifference. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (concluding prisoner's claim alleging the insufficiency of Motrin medication and denial of stronger pain medication for his wrist injuries failed to state a deliberate indifference claim);

5

*Diaz v. Turner*, 160 F. App'x. 360, 362–63 (5th Cir. 2005) (finding inmate's disagreement with decision by medical personnel not to provide him with nonprescription medication on demand fails to constitute deliberate indifference to medical needs); *Reyes v. Gardener*, 93 F. App'x 283, 285 (2d Cir. 2004) (concluding defendants' decision to prescribe Tylenol or Motrin to manage prisoner's pain and to administer Demerol or Morphine only when necessary did not constitute deliberate indifference). Accordingly, McCoy's claims will be DISMISSED WITH PREJUDICE.

### III. CONCLUSION

Plaintiff's claims will be DISMISSED WITH PREJUDICE and the action will be DISMISSED. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 12-20-12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge